RDT Construction Corporation y Rubén Tresgallo, deman- dantes y recurridos, v. Ileana Colón Carlo, Contralor del Estado Libre Asociado de Puerto Rico, demandada y recurrente.

*Número:* RE-94-15          *Resuelto:* 6 de noviembre de 1996

*José Hamid Rivera,* abogado de la parte recurrente; *Rafael Ocasio Rivera* y *Alejandro G. Carrasco Castillo,* abogados de la parte recurrida.

*Carlos Lugo Fiol, Procurador General, amicus curiae.*

PER CURIAM:

(En Reconsideración)

Resolvemos en sus méritos las reconsideraciones presentadas por la Contralora y RDT Construction Corp. (en adelante RDT). En *RDT Const. Corp. v. Contralor I,* 141 D.P.R. 426 (1996). Tenemos también el beneficio de la comparecencia, en calidad de *amicus curiae,* del Procurador General.

I

La Contralora nos solicita que eliminemos el requisito de notificar a la entidad investigada cuando emite un *subpoena duces tecum* contra un banco para obtener información sobre las transacciones efectuadas en una cuenta. En su lugar, expone que lo procedente es requerir una orden judicial previa, a tenor de lo resuelto en *H.M.C.A. (P.R.), Inc., etc. v. Contralor,* 133 D.P.R. 945 (1993). Sostiene que "la evaluación ex-parte por un Juez en cuanto a la procedencia y razonabilidad de una Petición de Registro

es suficiente salvaguarda para proteger los intereses de intimidad, reputación y propiedad de la persona investigada". Moción de reconsideración, pág. 3. Advertimos que su pedido está predicado en la hipótesis de que nuestra decisión le impide acudir directamente a los tribunales para obtener una orden judicial en la que requiera la entrega de la información solicitada. Su preocupación es infundada.

En nuestra decisión concluimos que la Contralora tenía el poder constitucional "para obligar, bajo apercibimiento de desacato, a la comparecencia de testigos y a la producción de libros, cartas, documentos, papeles, expedientes, y todos los demás objetos que sean necesarios para un completo conocimiento del asunto bajo investigación". Art. III, Sec. 22, Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 348. En virtud de esta facultad, reiteramos que al emitir un *subpoena* para que una persona entregue ciertos documentos, la Contralora no necesita una orden judicial previa. Si se objeta la citación, nuestro ordenamiento dispone que la Oficina del Contralor tiene que recurrir a los tribunales para hacer cumplir su orden. 3 L.P.R.A. sec. 79.

Sin embargo, en el caso de autos, la Oficina del Contralor no requirió directamente a RDT que le entregara los documentos sobre sus transacciones bancarias. En su lugar, emitió un *subpoena* al Banco para ordenar la entrega de la información de RDT. Aunque reconocimos que la Contralora podía obviar este trámite y tenía el poder para emitir el *subpoena* contra el banco, requerimos que en el futuro notifique con una copia de la citación a quien se está investigando. Nuestra decisión en efecto estableció un mecanismo para asegurar que en estos casos los tribunales tengan una oportunidad de evaluar la razonabilidad del *subpoena* y determinar su procedencia, si quien está siendo investigado decide impugnarlo. Un procedimiento análogo ya está establecido para los casos en los que el *subpoena* se emita directamente contra la persona investigada. Este trámite asegura que una figura neutral pueda hacer esta

evaluación antes de que se declare incurso en desacato a las personas investigadas, a la vez que se protege el derecho a la intimidad de las personas.

■ Nuestra decisión no impide que la Oficina del Contralor recurra directamente a los tribunales para obtener una orden de registro de los documentos bancarios de una empresa privada, a tenor de las normas pautadas en *H.M.C.A. (P.R.), Inc., etc. v. Contralor*, supra. Nuestro ordenamiento expresamente le permite utilizar inicialmente la vía judicial para efectuar el registro cuando se cumpla con los requisitos de la autoridad legal, pertinencia y relación razonable con el objeto de la investigación sobre el uso de fondos públicos.

■ Este otro trámite de obtener documentos también garantiza que una figura imparcial determine la razonabilidad del registro conforme al criterio de causa probable, aplicable a las investigaciones administrativas. Dicho procedimiento evita que sea una misma persona quien investigue y determine la razonabilidad de su citación. Esta intervención judicial también protege adecuadamente los intereses de la compañía privada frente a cualquier intento de abuso en la investigación solicitada, a la vez que promueve el interés público de que la Contralora tenga los instrumentos necesarios para fiscalizar el uso de fondos públicos por las empresas que han contratado con el Estado para construir una obra o realizar unos servicios.

■ Como esta alternativa garantiza una intervención previa de los tribunales, no requiere que la Contralora notifique antes a la empresa. Sin embargo, si la Oficina del Contralor opta por prescindir del cauce judicial y emite un *subpoena duces tecum* contra un banco para que revele información sobre un cliente, está obligada a notificarle. Aclarado el alcance de nuestros pronunciamientos, se deniega la moción de reconsideración de la Contralora.

Respecto a la moción de reconsideración de RDT, procede también que la deneguemos. En síntesis, su petición reitera la posición expuesta en su demanda de que el registro efectuado por la Contralora sin una orden judicial fue ilegal e irrazonable. Reexaminados, los hechos concretos que motivaron el *subpoena* de la Contralora, la autoridad constitucional y legal bajo la cual se llevó a cabo la investigación, los objetivos de la orden y la pertinencia de la información solicitada, ratificamos nuestra decisión.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Corrada Del Río no intervino. El Juez Asociado Señor Negrón García reiteró los criterios expresados en su opinión concurrente que certificó originalmente con la opinión que se emitió.